UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                     Criminal No. 10-15 (JNE/JJK)
                                                                    ORDER

Tyvarus Lee Lindsey (1) and
Rashad Raleigh (2),

        Defendants.

Seeking to limit the disclosure of the discovery that it produces to those directly involved in the defense of this case, the government moved for a protective order. In a memorandum filed in support of its motion, the government stated that it "does not seek to prevent [defense] counsel from disclosing the discovery to their clients or discussing it with them." Finding good cause to impose restrictions on Defendants with respect to the discovery produced by the government, the magistrate judge granted the government's motion in an Order dated February 17, 2010. The February 17 Order imposes the following restrictions:

> Counsel for Defendants shall not provide any of the discovery produced by the Government in this case, or disclose the content thereof, to any third parties except those directly involved in the defense of the case, such as paralegals, investigators, and retained experts, without further order of the Court, and defense counsel shall instruct any such third party recipients of their duty under this Order not to further disclose the discovery or the content thereof. Recordings of jail calls between Defendants and other participants provided in the Government's discovery are not subject to this Protective Order.
>
> It is further ordered that Defendants shall have access to the Government's discovery only in the presence of their counsel. Defendants shall not be permitted to retain possession of the discovery, or copies thereof, under any circumstances.

Defendants objected to the February 17 Order, and the government responded. Having reviewed the record, the Court modifies the protective order. *See* D. Minn. LR 72.2(a).

1

"At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Like the magistrate judge, the Court finds (1) that there is good cause to believe, based on information provided and believed to be reliable, that the dissemination of discovery to people other than those directly involved in the defense of this case may jeopardize the safety of witnesses and impede the due administration of justice; and (2) that there is good cause to believe that the restriction of discovery information under the terms set forth in this Order will ensure the safety of witnesses, preserve the integrity of the discovery process, and serve the ends of justice, while protecting the rights of Defendants to disclosure of evidence under Rule 16 and to adequately assist counsel in the preparation of their defenses. *See United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004). However, the Court is not persuaded that all restrictions should necessarily apply to all discovery produced by the government. Accordingly, the Court orders the government to identify and label as "Restricted Access" any item of discovery that it produces whose disclosure to third parties may endanger witnesses. With regard to the discovery already produced by the government, the government shall do the same within fourteen days of the date of this Order. Discovery marked as "Restricted Access" shall be subject to greater restrictions, as set forth below.

The Court also modifies the conditions under which Defendants may have access to the discovery produced by the government. In its response to Defendants' objections, the government states: "Each defendant currently has two lawyers. If the lawyers are not always available to take the discovery to the facility and sit with the defendants while they read it, the protective order permits a paralegal or investigator to do so." The Court permits Defendants to access the discovery produced by the government in the presence of their counsel, paralegals, or investigators.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. With regard to discovery produced by the government before the issuance of this Order, the February 17 Order [Docket No. 48] remains in full force and effect for fourteen days after the date of this Order.

2. The government shall identify and label as "Restricted Access" any item of discovery that it produces whose disclosure to third parties may endanger witnesses. With regard to discovery produced by the government before the issuance of this Order, the government shall do the same within fourteen days of the date of this Order. Upon receipt of materials identified and labeled as "Restricted Access," counsel for Defendants may object to the designation. The parties shall contact the magistrate judge to establish a procedure to resolve any objection.

3. With regard to discovery identified and labeled as "Restricted Access," counsel for Defendants shall not provide the discovery, or disclose the content thereof, to anyone except Defendants and those directly involved in the defense of the case, such as paralegals, investigators, and retained experts, without further order of the Court. Defense counsel shall instruct any such recipients of their duty under this Order not to further disclose the discovery or content thereof.

4. Recordings of jail calls between Defendants and other participants provided in the government's discovery are not subject to paragraphs 2 and 3 of this Order.

5. Without regard to whether the discovery is identified and labeled as "Restricted Access," Defendants shall have access to the discovery only in the presence of their counsel, paralegals, or investigators.

6. Without regard to whether the discovery is identified and labeled as "Restricted Access," Defendants shall not be permitted to retain possession of the discovery, or copies thereof, under any circumstances.

Dated: March 26, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge