UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                          Criminal No. 10-15 (JNE/JJK)
                                                       ORDER

Tyvarus Lee Lindsey (1) and
Rashad Raleigh (2),

       Defendants.

Tyvarus Lee Lindsey and Rashad Raleigh have been charged with one count of possession of a firearm in furtherance of a drug trafficking offense and three counts of murder resulting from the possession of a firearm in furtherance of a drug trafficking offense.  The trial is scheduled to begin on June 6, 2011.  In anticipation of trial, the defendants submitted several motions.  The Court addresses all but one of their motions below.[1]

## I.     Joint motion to exempt Defendants' expert from sequestration order

The defendants move to exempt their wireless engineer expert witness from sequestration.  Assuming that the defendants seek only to have their expert present during the testimony of the government's corresponding expert, the government does not oppose the defendants' motion so long as the exemption is reciprocal.  The Court grants the defendants' motion as follows:  the defendants' wireless engineer expert witness is exempted from sequestration during the testimony of the government's corresponding expert, and the government's wireless engineer expert witness is exempted from sequestration during the testimony of the defendants' corresponding expert.

---

[1]     In this Order, the Court does not address Lindsey's motion in limine to exclude or limit bad acts evidence.  The Court also does not address the government's motion in limine regarding declarations against interest.

1

**II.     Joint motion for discovery of in camera submission of alleged witness threats**

The defendants move for an order that requires the government to supply the defense with discovery of its in camera submissions with respect to witness threats. On the government's representation that the information has been disclosed to the defendants, the Court denies the motion as moot.

**III.     Joint motion for mid-trial jury instructions**

The defendants move the Court to instruct the jury at certain points during the trial. The government does not object to the defendants' proposed instruction regarding conduct of the jury and publicity. The government also does not object to limiting instructions when evidence is admissible only against one defendant. The government objects to the proposed instructions regarding cooperating witnesses, but it does not object to use of the Eighth Circuit's model criminal jury instructions.

The Court grants the defendants' motion as follows: the Court will give the requested instruction regarding conduct of the jury and publicity; the Court will give limiting instructions when appropriate; and the Court will give, at least once during the trial, an instruction regarding cooperating witnesses from the Eighth Circuit's model criminal jury instructions.

**IV.     Joint motion in limine to exclude or limit evidence of gruesome images**

The defendants move for an order excluding or limiting evidence of gruesome images. The Court defers ruling on this motion to trial.

**V.     Joint motion to enjoin certain questions and argument**

The defendants move to enjoin the government from asking certain questions and making certain arguments. The Court denies the motion without prejudice.

2

### VI. Joint motion for individual and sequestered voir dire with attorney participation

The defendants move for individual and sequestered voir dire with attorney participation. Discerning no need for such voir dire, the government states that any particularly sensitive issues can be addressed at sidebar. The Court denies the defendants' motion without prejudice.

### VII. Motions to transfer venue

Lindsey and Raleigh separately move to transfer this case to another district for trial. The government opposes the motions. "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). The Court does not discern the requisite prejudice against the defendants in the District of Minnesota. The Court therefore denies their motions. *See United States v. Gamboa*, 439 F.3d 796, 815 (8th Cir. 2006); *United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002).

### VIII. Motions to sever

Lindsey and Raleigh separately move to sever their trials. The Court previously denied the defendants' motions to sever, and the Court discerns no reason to reach a different conclusion now. The Court denies the defendants' motions to sever.

### IX. Motions to strike notice of special findings as surplusage

Lindsey and Raleigh separately move to strike as surplusage the "Notice of Special Findings" in the Indictment. *See* Fed. R. Crim. P. 7(d). In light of the decision not to seek the death penalty, the government agrees that the "Notice of Special Findings" should be deleted. The Court grants the defendants' motions.

## X.    Motions for additional peremptory challenges

Lindsey and Raleigh separately move for additional peremptory challenges. Each seeks 5 to 10 additional peremptory challenges. The government discerns no need for additional peremptory challenges in this case. If the Court grants the defendants additional peremptory challenges, the government requests an additional number of challenges that maintains the proportion of challenges provided in Rule 24(b)(2) of the Federal Rules of Criminal Procedure.

The Court grants the defendants' motions as follows. The Court grants the defendants an additional two peremptory challenges to exercise jointly. Further, the Court grants the defendants three options for additional peremptory challenges.

> **The first option**—The defendants may have an additional peremptory challenge (for a total of three additional peremptory challenges) to exercise jointly, on the condition that the defendants agree that the government may have an additional peremptory challenge.
>
> **The second option**— The defendants may have two additional peremptory challenges (for a total of four additional peremptory challenges) to exercise jointly, on the condition that the defendants agree that the government may have two additional peremptory challenges.
>
> **The third option**— The defendants may have three additional peremptory challenges (for a total of five additional peremptory challenges) to exercise jointly, on the condition that the defendants agree that the government may have three additional peremptory challenges.

So that appropriate adjustments may be made, the defendants shall inform the Court by 5 p.m. on Thursday, June 2, 2011, of which, if any, option they exercise.

## XI.   Motions for continuance

Lindsey and Raleigh separately move for a continuance. The government opposes the motions. "District courts have broad discretion to decide a request for a continuance. A 'district court's discretion is at its zenith when the issue [of a continuance] is raised close to the trial date.' Continuances are disfavored and should only be granted if the moving party has shown a

4

compelling reason." *United States v. Nguyen*, 526 F.3d 1129, 1134 (8th Cir. 2008) (alteration in original) (citation omitted) (quoting *United States v. Whitehead*, 487 F.3d 1068, 1071 (8th Cir. 2007)).  The Court discerns no compelling reason for a continuance.  The Court therefore denies the defendants' motions.

**XII.    Lindsey's motion to enjoin references to vehicle as stolen**

Lindsey moves to enjoin the government and its witnesses from referring to the vehicle found at the time of his arrest as "stolen."  The government opposes the motion.  The Court defers ruling on the motion to trial.

**XIII.   Joint motion for discovery of prison files as to government witnesses**

The defendants move for an order that requires the government to provide them with prison files of its inmate witnesses.  The government opposes the motion.  The government asserts that prison records of four of the potential inmate witnesses are not in its possession and control for discovery purposes because the four are in state custody.  As to records of the Federal Bureau of Prisons, the government asserts that they are discoverable only upon a case-specific demonstration of materiality to a particular case, *see United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995), and that the defendants have not made the requisite showing.  The Court denies the defendants' motion without prejudice.

**XIV.    Joint motion for discovery of juvenile records of government witnesses**

The defendants move for an order that requires the government to provide them with the juvenile records of its witnesses.  On the government's representation that the information has been disclosed to the defendants, the Court denies the motion as moot.

XV. **Conclusion**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The defendants' joint motion to exempt Defendants' expert from sequestration order [Docket No. 237] is GRANTED subject to the conditions set forth above.

2. The defendants' joint motion for discovery of in camera submission of alleged witness threats [Docket No. 238] is DENIED AS MOOT.

3. The defendants' joint motion for mid-trial jury instructions [Docket No. 239] is GRANTED as set forth above.

4. The Court defers ruling on the defendants' joint motion in limine to exclude or limit evidence of gruesome images [Docket No. 240] to trial.

5. The defendants' joint motion to enjoin certain questions and argument [Docket No. 241] is DENIED WITHOUT PREJUDICE.

6. The defendants' joint motion for individual and sequestered voir dire with attorney participation [Docket No. 242] is DENIED WITHOUT PREJUDICE.

7. The defendants' motions to transfer venue [Docket Nos. 243 & 249] are DENIED.

8. The defendants' motions to sever [Docket Nos. 244 & 252] are DENIED.

9. The defendants' motions to strike notice of special findings as surplusage [Docket Nos. 245 & 254] are GRANTED.

10. The defendants' motions for additional peremptory challenges [Docket Nos. 246 & 250] are GRANTED subject to the conditions set forth above. The defendants shall notify the Court by 5 p.m. on Thursday, June 2, 2011, of which, if any, option they exercise.

11. The defendants' motions for continuance [Docket Nos. 247 & 253] are DENIED.

12. The Court defers ruling on Lindsey's motion to enjoin references to vehicle as stolen [Docket No. 255] to trial.

13. The defendants' joint motion for discovery of prison files as to government witnesses [Docket No. 260] is DENIED WITHOUT PREJUDICE.

14. The defendants' joint motion for discovery of juvenile records of government witnesses [Docket No. 261] is DENIED AS MOOT.

Dated:  June 2, 2011

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge