UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Tyvarus Lee Lindsey,

    Defendant.

Criminal No. 10-15 (JNE/JJK) (1)
Civil No. 14-1914 (JNE)
ORDER

A jury found Tyvarus Lee Lindsey guilty of the crimes of possession of a firearm in furtherance of a drug trafficking offense and murder resulting from the possession of a firearm in furtherance of a drug trafficking offense. After his sentencing, Lindsey appealed. The United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Lindsey*, 702 F.3d 1092 (8th Cir.), *cert. denied*, 133 S. Ct. 2842 (2013). The case is before the Court on Lindsey's motion under 28 U.S.C. § 2255 (2012).[1] Because the record conclusively shows that Lindsey is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the

---

[1] The government's Motion for Late Filing of Opposition to Grounds Five through Nine of Petitioner's Section 2255 Motion is granted.

claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted).

### *Grounds one and two*

Lindsey's first two grounds for relief are related. First, he claimed that the government engaged in prosecutorial misconduct by "putting witnesses on the stand knowing they would commit perjury." *See United States v. Duke*, 50 F.3d 571, 577-78 (8th Cir. 1995). Second, he claimed that he received ineffective assistance of counsel because his attorney failed to raise the issue of prosecutorial misconduct at trial or on appeal. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). According to Lindsey, the government called witnesses who testified that he had made incriminating statements to them when he was housed with them in county jails or state correctional facilities. He claimed that records reveal he was not housed with the witnesses. The government asserted that Lindsey's claim of prosecutorial misconduct is not properly before the Court and that Lindsey's attorney was not ineffective.

Lindsey's claims of prosecutorial misconduct and ineffective assistance have no merit. One of the three witnesses identified by Lindsey to establish his claims did not testify about in-custody conversations. Another witness did testify about a conversation with Lindsey that took place in a holding cell. The witness thought the conversation took place in August 2007. The government had provided to Lindsey's attorney jail records that indicated Lindsey and the witness were together in a holding cell in October 2007. Finally, a third witness testified about a telephone conversation that took place when Lindsey was incarcerated and the witness was not. Lindsey asked his attorney "just

2

before and during trial" to obtain the prison's telephone records, but the records no longer existed because of the retention policy for records of inmate calls.  On this record, Lindsey has not demonstrated either prosecutorial misconduct or ineffective assistance of counsel.  *See Duke*, 50 F.3d at 577-78; *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991).  The Court rejects these claims.

### *Ground three*

Next, Lindsey claims that he received ineffective assistance of counsel because his attorney failed to move for the dismissal of a juror who was allegedly threatened.  During trial, a juror reported that a spectator entered a train after the juror, backed into the juror, and exited the train.  After an investigation, the Court informed the juror that the spectator was not related to any part of the case.  The juror indicated that he did not think the event would affect his impartiality and that he had not said anything about the event to the other jurors.  No party sought the juror's removal.  A motion to remove the juror would likely have been denied.  *See United States v. Harris-Thompson*, 751 F.3d 590, 598 (8th Cir. 2014); *Clark v. Wood*, 823 F.2d 1241, 1244-45 (8th Cir. 1987).  The Court rejects this claim of ineffective assistance of counsel.  *See Thomas*, 951 F.2d at 905.

### *Ground four*

Lindsey maintained that he received ineffective assistance of counsel because his attorney failed to contest whether a witness was qualified to serve as an expert in cellular site analysis, whether the witness's testimony was based on sufficient facts or data, whether the witness's testimony was the product of reliable principles and methods, and whether the witness reliably applied the principles and methods to this case.  The witness

3

was well qualified, and his testimony was well founded. *Cf. United States v. Schaffer*, 439 F. App'x 344, 346-47 (5th Cir. 2011) (per curiam). On cross-examination, Lindsey's attorney thoroughly questioned the witness. Lindsey's conclusory assertion that he received ineffective assistance of counsel based on his attorney's failure to challenge the government's witness on cellular site analysis has no merit.

### *Ground five*

Lindsey claimed that he received ineffective assistance of counsel because his attorney filed to investigate and interview an individual. According to Lindsey, the individual would have contradicted the testimony of a witness about statements Lindsey had made. Lindsey did not provide any independent evidence of what the individual would have said had the individual been interviewed or called to testify. Thus, the Court rejects this claim of ineffective assistance of counsel. *See United States v. Vazquez-Garcia*, 211 F. App'x 544, 546 (8th Cir. 2007) (per curiam).

### *Ground six*

Lindsey asserted that he received ineffective assistance of counsel because his attorney "allow[ed] 404(b) evidence to go before the jury when the [C]ourt ruled it should not go before the jury." Notwithstanding Lindsey's assertion, the Court ruled that the government could introduce the evidence on which Lindsey based this claim. Thus, the Court rejects it. *See Thomas*, 951 F.2d at 905.

### *Ground seven*

Lindsey claimed that he received ineffective assistance of counsel because his attorney failed to subpoena prison and jail records. He claimed that the records would

have demonstrated that he was in custody when a witness claimed that he committed robberies with the witness. The witness testified that their first robbery took place "[b]etween 2001 and 2002." The witness did not specify when they committed another robbery. Lindsey was in custody for parts of 2001 and 2002, but he was not incarcerated throughout those years. His conclusory assertion that he "was in custody at all times when [the witness] said [he] was out robbing people" does not demonstrate that his attorney was ineffective for failing to subpoena prison and jail records.

Lindsey also claimed that the records would have demonstrated that he did not talk to the witness on a prison telephone. For the reasons set forth in the discussion of grounds one and two, the Court rejects this claim of ineffective assistance of counsel.

### *Ground eight*

Next, Lindsey asserted that his attorney was ineffective because his attorney failed to investigate the records of a telephone that was seized from him when he was arrested approximately one week before the murders in this case. He claims that the records "would have contradicted the evidence of calls made to" his co-conspirators in the hours leading up the murders from a different telephone found in his possession when he was arrested three days after the murders. Lindsey did not support this claim with any evidence of what first telephone's call records reveal, and his claim that the records would have contradicted the evidence of calls made from a different telephone is incredible. The Court rejects this claim of ineffective assistance of counsel.

*Ground nine*

Finally, Lindsey claimed that his attorney was ineffective because the attorney failed to call an expert witness to testify about the value of a watch taken from the male victim. According to Lindsey, "the watch was obviously worth nothing and could not be pawned, which contradicted the government's case." Lindsey acknowledged that his attorney had taken a photo of the watch to a jeweler, who confirmed the watch had no value. In Lindsey's closing argument, his attorney stated that the watch is "probably worth ten bucks new" and is "just a cheap Chinese watch." The government's case was not directed at proving the value of the watch, which was described by witnesses as "flashy," "gaudy," and encrusted with diamonds. Instead, the government's case was directed at proving that the watch was taken from the male victim and that the watch ended up in a witness's possession after Lindsey had asked the witness to dispose of some jewelry. The Court rejects this claim of ineffective assistance of counsel.

*Conclusion*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district

court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Lindsey has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The government's Motion for Late Filing of Opposition to Grounds Five through Nine of Petitioner's Section 2255 Motion [Docket No. 392] is GRANTED.

2. Lindsey's § 2255 motion [Docket No. 387] is DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 20, 2014

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge